(140 App. Div. 403.)

### In re DUBIN.

(Supreme Court, Appellate Division, First Department. November 2, 1910.)

ELECTIONS (§ 138*)—NOMINATIONS—CERTIFICATE—OATH OF CHAIRMAN OF CONVENTION.

The minutes of a convention make a sufficient showing as to the seasonable taking of the oath of office by the chairman to authorize the acceptance of his certificate of a nomination made at the second session of the convention, four days after the convention first met; they reciting that he took such oath, and his oath annexed showing it was taken on the day the convention first met.

[Ed. Note.—For other cases, see Elections, Dec. Dig. § 138.*]

Appeal from Special Term, New York County.

In the matter of William E. Dubin. From an order, this appeal is taken. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

A. W. Stump, for appellant.
Abm. G. Meyer and A. S. Gilbert, for respondent.

PER CURIAM. There were filed with the bureau of elections the minutes of the convention, which recited that the temporary and permanent chairman had then taken the oath of office, and annexed to that was an oath of the temporary chairman and an oath of the permanent chairman, both of them sworn to on the 8th day of October, 1910, which are regular and comply with the statute. Upon the face of these papers, it appears, therefore, that the oaths were taken on the day, at any rate, on which the convention first met and was called to order. It also appeared on the minutes that at the second session of the convention, held on the 13th day of October, the nomination was made.

We think, in view of these facts, that the court below was justified in accepting the official certificate of the officer before whom the oath was taken as a compliance with the statute. What was said in Matter of Byrne, 128 App. Div. 334, 112 N. Y. Supp. 699, referred solely to a case in which neither temporary nor permanent chairman

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

took any oath at all until after the nomination was made and the convention adjourned, and what was said therein must be confined to the facts of that case.

The order appealed from must therefore be affirmed.